IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | |
|---|---|
| **BRIAN WICKENSIMER,** | **Case Number** |
| **C/O THE LAW OFFICE OF ERIC J ALLEN, LTD** | |
| **4200 Regent, Suite 200** | **Judge** |
| **Columbus, Ohio 43219** | |
| | **Magistrate** |
| **Plaintiff** | |

v.

**HAMILTON COUNTY BOARD OF COMMISSIONERS OFFICE**
**138 East Court Street**
**Cincinnati, Ohio  45202**

And

**CINCINNATTI BENGALS**
**1 Paycor Stadium,**
**Cincinnati, Ohio 45202**

And

**ANSCHUTZ ENTERTAINMENT GROUP LIVE**
**800 West Olympic Blvd.**
**Los Angeles, California 90015**

                **Defendants,**

---

**COMPLAINT FOR RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT**
**TRIAL BY JURY DEMANDED**

---

\

## INTRODUCTION

1. This is an action for declaratory, injunctive, and monetary relief arising from Defendants' violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and its implementing regulations.

2. Plaintiff, an individual with a mobility disability who uses a wheelchair, attended a Taylor Swift concert at Paycor Stadium on June 30, 2024, where he encountered numerous physical barriers, discriminatory policies, and inadequate accommodations that denied him full and equal enjoyment of the facilities and services provided to non-disabled patrons.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

4. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to these claims occurred in Cincinnati, Ohio, and two of the Defendants are located within this judicial district.

## PARTIES

5. Plaintiff Brian Adam Wickensimer is an adult resident of Highland County, Ohio. The plaintiff has a physical impairment that substantially limits one or more major life activities, specifically his ability to walk. He uses a wheelchair for mobility and is therefore a qualified individual with a disability within the meaning of the ADA. The plaintiff also has PTSD, which was triggered during the event described herein.

6. Defendant Paycor Stadium is a place of public accommodation as defined by 42 U.S.C. § 12181(7)(C) as a "place of exhibition or entertainment" and § 12181(7)(J) as a "place of exercise or recreation."

7. Defendant Hamilton County Commissioners leased Paycor Stadium to the Cincinnati Bengals.

8. Defendant Cincinnati Bengals, Inc. is the operator of Paycor Stadium and hosts public events at the facility.

9. Defendant AEG Live managed and operated the Taylor Swift concert held at Paycor Stadium, as well as all of the other concerts on the so-called Eras Tour.

## ALLEGATIONS OF FACT

10. On June 30, 2024, Plaintiff attended a Taylor Swift concert at Paycor Stadium for which he had purchased VIP tickets.

11. Plaintiff arrived at Paycor Stadium at approximately 9:30 a.m. to secure a handicapped accessible parking space. This was not the end of the violations of the Americans with Disabilities Act that the Plaintiff encountered during his visit to Paycor Stadium.

12. Throughout his visit to Paycor Stadium, Plaintiff encountered numerous barriers to accessibility and discriminatory treatment as detailed below.

## CAUSES OF ACTION

**PLAINTIFF WAS SUBJECT TO NUMEROUS VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT WHILE ATTENDING A CONCERT ON JUNE 30, 2024**

12. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations by any place of public accommodation. 42 U.S.C. § 12182(a).

14. Defendants discriminated against Plaintiff in violation of the ADA in the following ways:

**A. Parking and Exterior Access Violations**

15. Defendants failed to provide an adequate number of accessible parking spaces in violation of 28 C.F.R. § 36.304 and the 2010 ADA Standards for Accessible Design ("2010 Standards") § 208. Only one van-accessible parking space was available in the entire Lot E, adjacent to Gate E of the parking lot, operated by the defendants near Paycor Stadium.

16. Defendants failed to maintain accessible routes from the parking lot to the facility entrance by allowing barricades and other obstacles to block the sidewalk adjacent to accessible parking, forcing Plaintiff to travel a significantly longer route than non-disabled patrons, in violation of 28 C.F.R. § 36.304 and 2010 Standards §§ 206.2.1 and 402.

17. Defendants failed to provide accessible portable toilets in the parking/waiting areas, in violation of 28 C.F.R. § 36.304 and 2010 Standards § 213.2, which requires that where portable toilet clusters be provided, at least 5% must be accessible.

**B. Entrance and Path of Travel Violations**

18. Defendants failed to provide a handicap accessible ramp to Gate E with the proper slope and handrails, in violation of 28 C.F.R. § 36.304 and 2010 Standards §§ 405.2 and 405.8. The ramp appeared to exceed the maximum 1:12 slope and completely lacked the required handrails.

19. Defendants failed to provide a designated wheelchair-accessible entrance gate, in violation of 28 C.F.R. § 36.304 and 2010 Standards § 206.4, which requires that at least 60% of public entrances be accessible.

20. Defendants failed to provide proper directional signage indicating accessible routes, entrances, and facilities in violation of 28 C.F.R. § 36.304 and 2010 Standards § 216.

### C. Policies, Practices, and Procedures Violations

21. Defendants failed to properly train staff on accessible features and accommodations, in violation of 28 C.F.R. § 36.302(c), which requires public accommodations to make reasonable modifications in policies, practices, and procedures to accommodate individuals with disabilities.

22. Multiple staff members provided incorrect information about accessible routes, elevators, and facilities, demonstrating a failure to maintain policies and practices to accommodate individuals with disabilities as required by 28 C.F.R. § 36.302.

23. Defendants failed to provide reasonable modifications when staff refused to assist with inaccessible transaction kiosks, in violation of 28 C.F.R. § 36.302.

### D. Service Counter and Food Service Violations

24. Defendants failed to provide accessible service counters at concession areas, in violation of 28 C.F.R. § 36.304 and 2010 Standards § 904.4, which requires that at least one counter be accessible to individuals who use wheelchairs.

25. Defendants' concession kiosks were all placed at heights inaccessible to wheelchair users, in violation of 2010 Standards § 904.4.1, which requires a maximum height of thirty-six inches above the floor.

### E. Restroom Accessibility Violations

26. Defendants failed to provide adequate accessible restroom facilities, in violation of 28 C.F.R. § 36.304 and 2010 Standards § 213:

    a. The accessible stall in the men's restroom near Plaintiff's seating area was out of order;

    b. An ADA-compliant bathroom was marked "staff only" and unavailable to patrons;

    c. Staff directed Plaintiff to use the inaccessible restroom facilities on the other levels.

27. Defendants failed to disperse accessible restrooms throughout the facility, in violation of 2010 Standards § 213.1, requiring Plaintiff to travel excessive distances to find an accessible restroom.

**F. Accessible Seating Violations**

28. Defendants failed to properly maintain and enforce the use of designated accessible seating areas, in violation of 28 C.F.R. § 36.302(f) and 2010 Standards § 221:

    a. The ADA section contained no individuals using mobility devices, but was
    filled with non-disabled patrons;

    b. Defendants failed to verify that individuals purchasing accessible seating required such accommodations.

29. Defendants failed to provide companion seating adjacent to the wheelchair space for Plaintiff's wife, in violation of 2010 Standards § 221.3.

30. Defendants failed to ensure a line of sight comparable to that of other spectators when patrons in front of the ADA section stood on seats, obstructing Plaintiff's view, in violation of 2010 Standards § 802.2.

31. Defendants' staff refused to address the obstruction of Plaintiff's line of sight when requested, in violation of 28 C.F.R. § 36.302.

32. The overcrowding and lack of proper management in the ADA section triggered Plaintiff's PTSD, a condition that Defendants should have accommodated through appropriate enforcement of designated accessible areas.

### G. Emergency and Evacuation Procedures Violations

33. Defendants failed to provide adequate evacuation procedures for individuals with disabilities, in violation of 28 C.F.R. § 36.302.

34. Defendants' staff provided inadequate directions for exiting the facility, telling Plaintiff to "go around the stadium until you get to where you need to be" rather than directing him to accessible routes.

## JURY DEMAND

As a result, the plaintiff demands a jury trial of all claims contained in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the Defendants' facilities and services, as described herein, violate Title III of the Americans with Disabilities Act;

B. Enter an injunction requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities as required by the ADA;

C. Enter an injunction requiring Defendants to modify their policies, practices, and procedures to prevent future discrimination against individuals with disabilities;

D. Award Plaintiff's attorneys' fees, costs, and litigation expenses under 42 U.S.C. § 12205;

E. Award such other and further relief as the Court deems proper.

Respectfully submitted,

**S/ Eric J Allen**

_____
ERIC J ALLEN (0073384)
The Law Office of Eric J Allen, LTD
4200 Regent, Suite 200
Columbus, Ohio 43219
Tele No. 614.443.4840
 Fax No. 614.573.2924
Email: eric@eallenlaw.com